IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KIMBERLY L. MURPHY                                                                     PLAINTIFF

v.                                    No. 4:05-CV-04047   HFB

UNIVERSITY OF ARKANSAS and
THE BOARD OF TRUSTEES OF THE
UNIVERSITY OF ARKANSAS                                                          DEFENDANTS

## STIPULATION AND PROTECTIVE ORDER

**[Note: This Stipulation and Protective Order refers to the Unopposed Motion for Protective Order filed August 2, 2006, as Document No. 15.]**

WHEREAS, each party believes that certain documents and things requested from the University of Arkansas, its Board of Trustees, officers, and employees, contain certain confidential information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure:

WHEREAS, each party believes that information in said documents and things may be relevant to the subject matter involved in the pending action within the meaning of Rule 26(b) of the Federal Rules of Civil Procedure;

WHEREAS, each party believes that it would serve the interests of the parties to conduct discovery regarding said documents and things under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

IT IS, THEREFORE, HEREBY STIPULATED AND AGREED between the parties to this action, through their respective counsel, and CONSIDERED, ORDERED AND

ADJUDGED by this Court pursuant to the Federal Rules of Civil Procedure, particularly Rules 26(c) and 29, as follows:

1. Plaintiff, Kimberly Murphy, seeks access to certain documents and things from Defendants, the University of Arkansas and its Board of Trustees, concerning the investigation into allegations of workplace harassment at the Southwest Research and Extension Center in Hope, Arkansas, which are considered by Defendants to contain personal and confidential information, the release of which could form the basis for the assertion of a privacy interest claim by the subjects of the documents. Therefore, in order to preserve and protect the confidential nature of such documents or information and to protect the interests of Defendants, such documents or things shall be deemed to be confidential information permitted to be used by the respective attorneys for the parties and solely for the purpose of this action. Defendants will designate those documents containing confidential information by stamping them "confidential".

2. Any and all such confidential information, whether or not in document form, will not be communicated, disseminated, revealed, disclosed or publicized, or made available for inspection and copying by any party and/or their attorneys to any other person, party, or entity, except as specifically required or allowed by Order of this Court.

3. Whenever not in the use permitted by this Order, all such documents and things shall be kept in envelopes or folders marked "confidential" and the confidentiality shall be preserved by all reasonable means available to the counsel for the parties.

4. It is contemplated by the parties to this Stipulation and the court that the use of any of the information or documents covered by this Stipulation shall be limited to use by the respective attorneys and their employees for the parties in preparation for and the trial of this action, but shall not be used in any other way which is potentially injurious, harmful, or

detrimental to or which may interfere with the interests of Defendants.  Further, any designated confidential material utilized as exhibits at trial, or in any pleading filed with the Court, shall be maintained in a separate, sealed envelope in the Court's file, only to be available to the parties for use in trial or any appeal which might be taken from the Court's decision or the jury's verdict in this matter.

     5.     If Defendants deem that such information is being used by Plaintiff or her attorneys in such a manner as to violate the intent or spirit of this Stipulation and Protective Order, within seven (7) days after notice of the use of such materials, Defendants may give Plaintiffs' attorneys notice that such materials could be subject to this Stipulation and Protective Order and bring the issue to the attention of the Court for further Order, unless the parties agree that such determination may be deferred.

     6.     In the event of a dispute over the coverage of this Stipulation and Protective Order, any party may move the Court for the entry of a declaratory order stating whether or not certain information and/or documents are covered by this Stipulation and Protective Order.  In order to use this procedure, a party must move for the declaratory order within seven (7) days after the party receives notice of the dispute over coverage.  Until the court enters an order declaring the coverage of this Stipulation and Protective Order, any documents and/or information which are the subject matter of the dispute, shall be considered to be covered by this Stipulation and Protective Order.

     7.     Counsel may disclose information and documents covered by this Stipulation and Protective Order to expert witnesses, but only to the extent necessary for the expert to form an opinion.  Any experts receiving information or documents under this paragraph shall be bound by this Stipulation and Protective Order to the same extent as the parties hereto.

8. The attorneys for the respective parties will exercise the utmost discretion and care in reviewing, communicating, or disclosing the information covered by this Stipulation and Protective Order with their clients or expert witnesses. The parties and expert witnesses are ordered not to discuss or disclose the confidential information obtained during discovery with any other person or entity, except their counsel of record. However, nothing herein shall prevent Plaintiff or Plaintiff's expert(s) from testifying concerning confidential information hereunder.

9. Notwithstanding any of the foregoing provisions, the production of documents and things from Defendants covered in this Stipulation and Protective Order shall not be construed as a waiver of any prior or future objections, including, but not limited to, admissibility, relevancy, discoverability, privilege, or confidentiality of any material covered by this Stipulation and Protective Order.

10. Each party and her/its attorneys shall be responsible for any documents or things produced by Defendants, or any copies thereof, in the possession, custody, or control of the party or their attorneys or experts.

11. At the conclusion of this litigation, including any appeals taken from this Court, all copied documents furnished to Plaintiff designated as confidential herein shall be returned to Defendants' counsel, and Plaintiff, her counsel and her representatives, are instructed not to retain any copies. In addition, if Defendants charge Plaintiff for copies made in the course of discovery, these costs will be refunded upon return.

IT IS SO ORDERED this 3rd day of August, 2006.

/s/ Harry F. Barnes
THE HONORABLE HARRY F. BARNES
UNITED STATES DISTRICT COURT JUDGE

APPROVED AS TO FORM AND CONTENT:

/s/  RHONDA M. THORNTON
Rhonda M. Thornton, Associate General Counsel
Ark Bar. No. 91060
Attorney for Defendants
University of Arkansas System
2404 N. University Avenue
Little Rock, AR 72207-3608
Telephone: (501) 686-2520
Facsimile: (501) 686-2517
E-mail: rmthornton@uasys.edu

and

/s/  HOWARD J. GOODE
Howard J. Goode
Ark. Bar No. 92077
Attorney for Plaintiff
901 North State Line Avenue
Texarkana, Texas 75501
Telephone: 903-793-4276
Facsimile: 903-792-6553
E-mail: goodelegal@aol.com

and

/s/  WILLIAM B. HARRELL
William B. Harrell
Texas State Bar No. 09042250
Attorney for Plaintiff
803 Pine Street
Texarkana, Texas 75501
Telephone: 903-793-1041
Facsimile: 903-793-6449
E-mail: bharrell@cuisp.com